SEP 16

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,   )
)
     Plaintiff,   )
)       2:05-CR-177-RCJ-RJJ
     v.   )
)
AURELIO PACHECO-LEON,   )     **ORDER**
)
     Defendant.   )
_____ )

     Currently before the Court is a Motion to Vacate under 28 U.S.C. § 2255 filed by Defendant Aurelio Pacheco-Leon ("Pacheco-Leon") on March 5, 2007 (#82) and a Motion for Court Order to Put Government in Default filed by Pacheco-Leon (#88) on March 2, 2009. The United States of America filed an Opposition to the Motion to Vacate (#93) on April 17, 2009, and an Opposition to the Motion for Default (#90) on March 12, 2009.

## BACKGROUND

     On August 25, 2006, Pacheco-Leon pled guilty to Count 9 of the Superseding Indictment, charging possession with intent to distribute over 150 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).[1] (Plea Memorandum (#55)). Pacheco-Leon pled guilty pursuant to a non-binding plea agreement. Id. In the plea agreement, based on the 264 grams of pure (or, actual) methamphetamine seized from his residence, the parties agreed that Pacheco-Leon's Base Offense Level was 34. Id. From this Base Offense Level, the parties agreed to recommend:

---

[1] The indictment issued after a search warrant was executed at Pacheco-Leon's residence on May 11, 2005, where law enforcement found Pacheco-Leon and two-hundred and sixty-four grams of "actual" methamphetamine. Id. According to the plea agreement, Pacheco-Leon admitted that he resided in the residence and that he was responsible for what was found in his residence. Id.

(1) a two-level reduction based on acceptance of responsibility, U.S.S.G § 3E1.1(a); (2) an additional one-level reduction based on "timely acceptance," under U.S.S.G. § 3E1.1(a); and (3) an additional two-level reduction if Pacheco-Leon qualified for the "safety valve" under U.S.S.G. § 5C1.2. Id. Pacheco-Leon's criminal history was to be determined by the Court. Id. The United States agreed to recommend a sentence at the low end of the applicable guideline imprisonment range, and agreed to dismiss County 1 of the Superseding Indictment, which charged Conspiracy to Distribute Methamphetamine from November 2004 through May 2005. Id. The United States further agreed not to bring any other charges against Pacheco-Leon arising out of the event that led to his arrest and indictment. Id. In return for recommending that Pacheco-Leon be sentenced at the low-end of the Guideline range, Pacheco-Leon agreed to not file a downward departure motion or request a sentence outside the applicable Guideline range. Id. In addition, Pacheco-Leon "knowingly and expressly" waived his right to appeal any sentence that was imposed within or below the applicable Sentencing Guideline range as determined by the Court. Id. Pacheco-Leon reserved "only the right to appeal any portion of the sentence that is an upward departure or higher than the sentencing guideline range determined by the Court." Id.

By signing the plea agreement, Pacheco-Leon acknowledged that he read the Memorandum of Plea Agreement, that he understood the terms and conditions, and the factual basis set forth therein, and that he discussed these matters with his attorney. Pacheco-Leon also acknowledged that he understood that by entering a plea of guilty he was waiving and giving up certain rights guaranteed to him by law and by the Constitution of the United States. Id. Pacheco-Leon signed the agreement on August 18, 2006.

On August 25, 2006, the Court conducted a hearing on Pacheco-Leon's change of plea. Pursuant to the Court's comprehensive plea colloquy, Pacheco-Leon confirmed he had sufficient time to prepare for his guilty plea, and had discussed with his attorney the plea memorandum, the charges, and the possible defenses to those charges. (Opposition to Motion to Vacate (#93) at Ex. 2, p. 6). Pacheco-Leon agreed that his attorney, Jose C. Pallares ("Pallares") had "done everything for [him] that [he] wanted done," and that he was

satisfied with Pallares' representation. Id. at pp. 6-7. Pacheco-Leon stated that he understood the rights he was waiving by pleading guilty, and the elements of the crime charged in Count 9 of the Superseding Indictment. Id. at pp. 7-10. Pacheco-Leon acknowledged that the charged felony carried a statutory minimum term of 5 years imprisonment, and a maximum term of 40 years. Id. at p. 11.

At the hearing, the assistant United States Attorney summarized the agreement memorialized in the plea memorandum including the Government's low end recommendation and Pacheco-Leon's anticipated Total Offense Level of 29. Id. at p. 14. Pacheco-Leon "completely agreed" that the summary comported with his "understanding of the written plea memorandum that [he] signed." Id. at p. 15. Pacheco-Leon further agreed that all the facts set forth in the plea memorandum were correct, including the factual recitation that "264 grams of actual methamphetamine . . . [were] attributable to Pacheco-Leon in this case." Id. at pp. 19-20.

In addition, Pacheco-Leon agreed that his attorney had described the sentencing guidelines and explained "how he [Pallares] believes the guidelines may affect [Pacheco-Leon's] case." Id. at 16. Pacheco-Leon stated that he understood, however, that his actual sentence "may be different from the estimate . . . that [Pallares] may have given." Id. at p. 17. Having conducted a thorough canvas, the Court received Pacheco-Leon's guilty plea as to Count 9 and ordered a Presentence Investigation Report ("PSR"). Id. at p. 21.

On November 7, 2006, the Probation Office released Pacheco-Leon's PSR. The PSR calculated a Total Offense Level of 29, a Criminal History of Category I, and a resulting guidelines imprisonment range of 87-108 months. PSR at ¶¶ 22, 25 and p. 13. The PSR recommended a low end sentence of 87 months' imprisonment. PSR at ¶ 60.

On November 30, 2006, this Court sentenced Pacheco-Leon to a low end term of 87 months' imprisonment. (Judgment (#67)). Pacheco-Leon now moves to vacate the sentence imposed.

### DISCUSSION

Pacheco-Leon moves the Court to vacate his sentence because "he was forced by

3

1  his lawyer and the U.S. District Attorney for the government, to sign a plea agreement that

2  defendant did not want to acknowledge." (Motion to Vacate (#77) at 1). According to

3  Pacheco-Leon, he was told that if he did not sign the plea agreement he would be

4  incarcerated for a "very long period of time." Id. In addition, Pacheco-Leon states that his

5  attorney "did nothing" for his defense because he was entitled to "downward Departures

6  because of his alien status, and defendant has no criminal history on record." Id. Finally,

7  Pacheco-Leon states that he "did not entirely know or understand what he was signing, nor

8  agreeing to," when he signed the plea agreement.

9       In response, the United States asserts that Pacheco-Leon's motion should be

10  denied on the grounds that it is frivolous. (Opposition to Motion to Vacate (#93) at 5). The

11  Government states that the allegations in Pacheco-Leon's motion are contradicted by the

12  following evidence: (1) the signed plea agreement, (2) the change of plea hearing

13  conducted by the Court, and (3) the affidavit of Pacheco-Leon's attorney Pallares.

14       Based on the allegations in Pacheco-Leon's motion, it appears that he is moving to

15  vacate his sentence based on ineffective assistance of counsel. To demonstrate

16  ineffective assistance of counsel, a defendant must show: (1) that his counsel's

17  performance was deficient; and (2) that the deficient performance prejudiced his defense.

18  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This

19  test applies to challenges to guilty pleas based on ineffective assistance of counsel claims.

20  United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005)(citing Hill v. Lockhart, 474

21  U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985)).

22       "A defendant who pleads guilty upon the advice of counsel may only attack the

23  voluntary and intelligent character of his guilty plea by showing that the advice he received

24  from counsel was not within the range of competence demanded of attorneys in criminal

25  cases." United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988). Because of the

26  difficulties in evaluating attorney performance in hindsight, courts considering ineffective

27  counsel claims "indulge a strong presumption that counsel's conduct falls within the wide

28  range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. 2052.

1  Attorney advice is deficient (i.e., it falls outside the wide "range of competence") only

2  where the guilty plea "is induced by . . .misrepresentation." Id. at 638 (quoting Brady v.

3  United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747).

4       In this matter, Pacheco-Leon's allegations of ineffective assistance of counsel are

5  without merit. Pacheco-Leon has provided no evidence that his counsel's performance

6  was deficient and that the deficient performance prejudiced his defense. In this regard,

7  Pacheco-Leon first states that he was "forced" to sign the plea agreement. However,

8  Pacheco-Leon provides no evidence of this allegation. Rather, the evidence presented

9  establishes that Pacheco-Leon knowingly and willingly entered into the plea agreement.

10 Not only did Pacheco-Leon sign the agreement, but during the Court's comprehensive plea

11 colloquy, Pacheco-Leon swore, under oath, that his attorney fully informed and advised

12 him of the charges against him, the case against him, the plea agreement, and his

13 proposed guilty plea. Pacheco-Leon also informed the Court that he had discussed with

14 his attorney any possible defenses he may have had to the charges against him and that

15 he was satisfied with the advice that his attorney had given. During the plea colloquy, the

16 Court asked Pacheco-Leon if his attorney had done everything for him that he wanted, and

17 Pacheco-Leon responded "yes." Pacheco-Leon also informed the Court that he fully

18 understood the terms of the plea agreement and that no one threatened him in order to get

19 him to enter a plea of guilty. Finally, when asked if anyone forced him in any way to enter

20 a plea of guilty, Pacheco-Leon stated "no."

21       In addition to the foregoing, Pacheco-Leon has failed to plead or provide any

22 evidence that his guilty plea was entered based on misrepresentation. As noted in the

23 foregoing, Pacheco-Leon received a term of 87 months in prison. This is exactly what was

24 bargained for in the plea agreement. Pacheco-Leon has provided no evidence that his

25 attorney misrepresented the plea agreement or his possible sentence in any way. Nor has

26 Pacheco-Leon provided any evidence that the advice he received from counsel was

27 outside the range of competence.

28       Based on the foregoing, the Court finds that Pacheco-Leon's Motion to Vacate

1   should be summarily dismissed.  Pacheco-Leon's allegations, viewed against the record,

2   are patently frivolous and belied by Pacheco-Leon's own sworn testimony.

3                                          **CONCLUSION**

4              For the foregoing reasons, IT IS ORDERED that Defendant Pacheco-Leon's Motion to

5   Vacate under 28 U.S.C. § 2255 is DENIED.

6              It is FURTHER ORDERED that Defendant Pacheco-Leon's Motion to Put Government

7   in Default (#88) is DENIED.

8              It is FURTHER ORDERED that the Government's Motion for Continuance (#82) and

9   Renewed Motion for Continuance (#85) are GRANTED.

10

11             DATED: This  15th  day of September, 2010.

12

13                                                    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                     6